## DOCK SMITH v. STATE.

No. A-4953.    Opinion Filed April 20, 1925.
(235 Pac. 555.)

(Syllabus.)

**Intoxicating Liquors—Evidence not Supporting Conviction for Unlawful Possession.** In a prosecution for unlawful possession of intoxicating liquor, evidence held insufficient to support conviction.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Dock Smith was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

R. C. Roland, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charged that on the 5th day of April, 1923, Dock Smith did have in his possession one-half gallon and three pints of whisky with the unlawful intent to sell the same. On the trial the jury returned a verdict finding him guilty, and fixing his punishment at a fine of $50 and confinement in the county jail for 30 days. He has appealed from the judgment rendered on the verdict. A number of errors are assigned, but we deem it only necessary to discuss the one that the verdict is not sustained by sufficient evidence.

The evidence shows that E. C. London, sheriff, accompanied by Deputy Sheriffs Ginn and Dunn, in executing a search warrant searched the defendant's house and found a pint bottle in the kitchen about half full of corn whisky. They further testified that they searched another house about 70 feet from the defendant's house which seemed to be vacant, and found above the ceiling a half gallon jar of corn whisky and two pint bottles of whisky; that there was a bicycle, quilts, and boxes in the house.

At the close of the state's evidence there was a motion

by the defendant for a directed verdict on the ground that the evidence is insufficient to connect him with the alleged offense, because there was no evidence tending to show that he had possession of the vacant house. The motion was denied.

The testimony of the defendant in his own behalf is as follows: That he owned the house he lived in, and for about two years O. M. Redfield owned the vacant house east from his place; that he did not know anything about the whisky in the vacant house; that he did not have control or possession in any way of the vacant house, and did not know anything about the whisky found there by the officers; that Harvey Giles had lived there, and previous to that Addie Kyles and some other lady lived there; that the bottle found in his house contained about one drink of whisky that he had brought from Ada the day before, and that the officers did not have a search warrant. Mrs. Smith, wife of the defendant, testified in substance to the same facts as did her husband, and further that they did not own any of the plunder found in the vacant house.

From our examination of the record, we are impressed with the legal insufficiency of the facts in this case to warrant a verdict of guilty.

Because the evidence is insufficient to support the verdict, the judgment of conviction is reversed.

BESSEY, P. J., and EDWARDS, J., concur.